IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GUISEPPE L. WALLACE,

          Petitioner,

v.                                  CIVIL ACTION NO.  5:04-cv-01152
                                  (Criminal No. 5:02-cr-00101)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION**

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket 196] filed on October 25, 2004.  By Standing Order [Docket 197] entered on July 21, 2004, and filed in this case on October 25, 2004, this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation (PF&R) for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge submitted her PF&R [Docket 226] on June 8, 2006, recommending that the court deny Petitioner's § 2255 motion.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  *See also Page v. Lee*, 337

F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected).

Objections to the PF&R were due by June 23, 2006, however, on June 15, 2006, Petitioner filed a Motion Seeking Enlargement of Time [Docket 227], which the Court granted by Order [Docket 234] entered on July 6, 2006. On July 19, 2006, Petitioner timely filed his Objections to the PF&R [Docket 238].

## I. BACKGROUND

The full factual and procedural history of this action and Petitioner's related criminal case (Criminal Action No. 5:02-00101-01) is set forth in the PF&R. On August 25, 2004, Petitioner filed the instant action pursuant to 28 U.S.C. § 2255. On June 9, 2005, Petitioner filed a Memorandum in support of his motion [Docket 205], which set forth more fully his grounds for relief. On May 24, 2006, Petitioner filed a Supplemental/Amended § 2255 Motion [Docket 219] and Memorandum in support [Docket 220]. Petitioner's original § 2255 motion states five bases for relief:

> [1.] Defense counsel was ineffective for failure to investigate the fact[s] of the case prior to trial or during trial.
>
> [2.] Defense counsel was ineffective for failure to investigate the government's indictment charging Mr. Wallace with drug counts with no specific drug amounts.
>
> [3.] Counsel was ineffective for failure to call witnesses that would have provided information that Mr. Wallace did not have a drug source.
>
> [4.] Counsel violated the defendant's right to confront his accusers.
>
> [5.] Prosecutor misconduct.

(Docket 226 at 2.)  In his supplemental/amended motion, Petitioner alleges eight more grounds for relief:

> [6.] Retroactivity is not at issue: *Blakely v. Washington* clarified constitutional and existing case law.  Due process requires that it be applied to prior case[s].
>
> [7.] A violation of the rule in *Blakely v. Washington* is a structural error that must be corrected in all cases.
>
> [8.] If *Blakely* is a new rule of substantive law and *Teague v. Lane* does not apply. [sic]
>
> [9.] Base Offense Level points versus constitutional application of "enhancement" points creating an erroneous guideline.  Calculation used at sentencing in violation of Fifth and Sixth Amendment rights.
>
> [10.] The United States District Court committed plan error and violated Sixth Amendment protections when sentencing Movant to a term of imprisonment.
>
> [11.] The District Court erred in admitting the testimony of Guiseppe L. Wallace, Jr., aka "Little Joe," during the trial of Guiseppe L. Wallace, Sr., in violation of Federal Rule of Evidence 801(d)(2)(E).
>
> [12.] The U.S. District Court erred by denying Guiseppe L. Wallace, Sr.'s motion for acquittal because there was insufficient evidence to convict him of conspiring with his sons to distribute cocaine base.
>
> [13.] The U.S. District Court erred when imposing sentences for crimes never charged which resulted from a failure to charge a specific threshold drug quantity in the indictment and submit it to the jury, was reversible error. [sic]

(Docket 226 at 2-3).  In her PF&R, Magistrate Judge Stanley recommends denying Petitioner's § 2255 motion because grounds eleven and twelve were addressed on direct appeal and the remaining grounds lack merit.

## II. OBJECTIONS TO THE PF&R

Petitioner raises three objections to the magistrate judge's recommendation with regard to his claims that (1) *Blakely v. Washington* applies to his case retroactively; (2) his sentence should be overturned because the indictment did not charge a specific drug amount; and (3) his counsel was ineffective. Accordingly, Petitioner has waived his right of review with regard to the other claims contained in his § 2255 motion and supplemental briefs, and the Court **ADOPTS** the magistrate judge's recommendation to dismiss those claims.

### A. *Applicability of* Blakely

Petitioner first submits that *Blakely* should apply retroactively to this case. As the magistrate judge correctly points out, the Supreme Court's holding in *Blakely* was extended to cases applying the United States Sentencing Guidelines on January 12, 2005, when *United States v. Booker*, 543 U.S. 220 (2005), was decided. The Fourth Circuit has held, however, that the rule in *Booker* is "not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely*) was decided." *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's sentence became final on November 24, 2003, more than one year before *Booker* was decided. The magistrate judge correctly applied the Fourth Circuit's holding in *Morris*; thus, the rule in *Booker* is not available to Petitioner on collateral review. Accordingly, Petitioner's objection is **OVERRULED**.

### B. *Failure to Charge a Drug Quantity in the Indictment*

Petitioner contends that his conviction and subsequent sentencing are invalid because the indictment did not list a drug quantity. In support of his contention, Petitioner relies on *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001). In *Promise*, the Fourth Circuit overturned a

defendant's sentence because the sentence exceeded the statutory maximum for possession of an unspecified quantity of drugs without a quantity being charged in the indictment or found by a jury beyond a reasonable doubt. 255 F.3d at 150. As the magistrate judge correctly pointed out in her PF&R, Petitioner was sentenced to a term of 235 months, which is less than the statutory maximum of twenty years as provided for in 21 U.S.C. § 841(b)(1)(C). Because his sentence falls below the statutory maximum, this case is distinguishable from *Promise* and Petitioner's objection is **OVERRULED**.

### C. Ineffective Assistance of Counsel

In his objections, Petitioner contends that his attorney, Assistant Federal Public Defender David Bungard, fell below the "objective standard of reasonableness" as described in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to call Marlo Wallace, and by failing to adequately cross examine Guiseppe Wallace, Jr., who testified for the United States. To establish this claim, Petitioner must overcome a strong presumption that his counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner has failed to overcome this presumption. This Court agrees with the magistrate judge that "[i]t is plain from the PSR that if defense counsel had called Marlo Wallace to testify, he would have supported the government's case against [Petitioner]." (Docket 226 at 11.) Moreover, "Mr. Bungard's cross-examination of Guiseppe Wallace, Jr. was well within the wide range of reasonable professional assistance" permitted under *Strickland*. (*Id.* at 12.) Petitioner has further cited no authority to meet his burden, and his objection is thereby **OVERRULED**.

## *III. CONCLUSION*

Having overruled all of Petitioner's objections to the PF&R, the Court hereby **ADOPTS** and incorporates in its entirety Magistrate Judge Stanley's PF&R [Docket 226], and **DENIES** Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket 196]. A separate Judgment Order will enter this day implementing the rulings contained herein.

          ENTER:      February 29, 2008

          THOMAS E. JOHNSTON
          UNITED STATES DISTRICT JUDGE